The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Neill Fuleihan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact Nos. 4, 5, 6, 10, 16, and 17, Conclusions of Law Nos. 1 and 3, and Award No. 1.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 12 June 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer.
2. At such time, defendant employer was self-insured.
3. At such time, plaintiff's average weekly wage was $548.33 with a corresponding compensation rate of $365.57.
4. Plaintiff has a 26 percent permanent partial impairment of the right little (fourth) finger for which defendant has accepted liability.
5. Medical records from Drs. Lipsey, Jarrett and Dray; and Carolina Hand Surgery, Appalachian Hand Surgery, Memorial Mission Hospital, and Memorial Mission Express Care are received into evidence.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner, except as modified, and finds as follows:
FINDINGS OF FACT
1. Plaintiff, who is 52 years of age, completed the 10th grade and has a GED. His vocational experience consists of various types of work in the wood products industry and work as a lathe operator in a machine shop.
2. Plaintiff began employment with defendant in July of 1974 and on 12 June 1992 was a supervisor in the cut-to-size department. Plaintiff's job as supervisor was not very physically demanding. Plaintiff's last day of work with defendant was 12 June 1992, plaintiff having resigned two weeks previously in order to go into a general contracting business with his brother at the end of June of 1992.
3. On 12 June 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer when he was struck on the left side and back of his body by a forklift which had traveled approximately four feet before striking him, and pinned him between the forklift and a heavy steel door. At that time, plaintiff experienced pain all over the trunk of his body down into his legs and fingers which he described as feeling like his "back exploded". After this incident, the forklift backed up and plaintiff had to be pulled away from the door by his co-workers.
4. For his injury, plaintiff was initially seen at Memorial Mission Hospital, where he was treated for a contusion injury to the left side of his trunk from his mid-chest around to his mid-lower back, a left arm contusion, a left thigh and knee contusion, and a right little finger contusion and avulsion, and released. Plaintiff was referred to Dr. Dray for continued treatment of his right little finger avulsion.
5. Over the course of the next two months Dr. Dray treated plaintiff's right little finger injury. On 17 August 1992 plaintiff retained a 26 percent permanent partial impairment to his right little finger.
6. Thereafter, plaintiff continued to experience pain in his back and chest for which he was initially seen by Dr. Jarrett on 20 November 1992, and treated for a fracture of the left sixth rib.
7. On 24 May 1993, plaintiff was seen by Dr. Jarrett for continued back pain which had progressively worsened over the course of the two weeks immediately prior to 24 May 1993, including pain in his right lower extremity and intermittent numbness in his right foot. On 3 June 1993, plaintiff underwent surgical repair of an extruded disc at L5-S1, which was performed by Dr. Jarrett. Plaintiff reached the end of the healing period from his surgery on 2 February 1994, at which time he was released without restriction by Dr. Jarrett to return to "meaningful employment", and he retained a 15 percent permanent partial impairment to his back.
8. Subsequent to his back surgery, plaintiff was evaluated by Dr. Lipsey at the request of the defendant.
9. Since his 12 June 1992 injury by accident, plaintiff has also experienced intermittent headaches and tinnitus in his right ear for which he has been seen by Dr. Seal at Dr. Jarrett's referral.
10. Plaintiff has not worked since his injury by accident with defendant on 12 June 1992.
11. Plaintiff continues to have pain in his low back and right leg.
12. As a result of his 12 June 1992 injury by accident, plaintiff sustained injuries consisting of contusions to the left side of his trunk from his mid-chest around to his mid-lower back, his left arm, and his left thigh and knee; a contusion to, and an avulsion of the extensor tendon of, his right little finger; a fracture of the left sixth rib; and an extruded disc at L5-S1.
13. There is insufficient evidence of record from which to determine by its greater weight that plaintiff's headaches and right ear tinnitus are causally related to his 12 June 1992 injury by accident.
14. The medical care and treatment rendered plaintiff by Drs. Dray and Jarrett, and at Memorial Mission Hospital, Memorial Mission Express Care, Carolina Hand Surgery and Appalachian Hand Center were reasonably required to effect a cure, give relief or lessen plaintiff's disability from his 12 June 1992 injury by accident.
15. Although there is insufficient evidence of record from which to determine by its greater weight that plaintiff's headaches and right ear tinnitus are causally related to his 12 June 1992 injury by accident, the evaluation of plaintiff by Dr. Seal for said condition was performed upon the referral of Dr. Jarrett, plaintiff's authorized treating physician, and consequently, was reasonably required to effect a cure, give relief or lessen plaintiff's disability from his 12 June 1992 injury by accident.
16. As a result of his 12 June 1992 injury by accident, plaintiff was unable to earn any wages in any employment from 12 June 1993 to 2 February 1994.
17. There is insufficient evidence of record from which to determine by its greater weight that plaintiff sustained a diminution in wage earning capacity as a result of his 12 June 1992 injury by accident after 2 February 1994.
18. As a result of his 12 June 1992 injury by accident, plaintiff sustained a 15 percent permanent partial impairment of his back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 12 June 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer resulting in injuries consisting of contusions to the left side of his trunk from his mid-chest around to his mid-lower back, his left arm, and his left thigh and knee; a contusion to, and an avulsion of the extensor tendon of, his right little finger; a fracture of the left sixth rib; and an extruded disc at L5-S1; and, as a result thereof, was temporarily totally disabled from 12 June 1992 to 2 February 1994, for which he is entitled to temporary total disability compensation at the rate of $365.57 per week for the aforementioned period. G.S. § 97-2(6); G.S. § 97-29.
2. As a result of his 12 June 1992 injury by accident, plaintiff sustained a 26 percent permanent partial impairment of his right little finger for which he is entitled to 5.2 weeks of compensation at the rate of $365.57 per week, beginning 17 August 1992. G.S. § 97-31(5).
3. As a result of his 12 June 1992 injury by accident, plaintiff sustained a 15 percent permanent partial impairment to his back for which he is entitled to 45 weeks of compensation at the rate of $365.57 per week, beginning 2 February 1994. G.S. § 97-31(23).
4. Plaintiff is entitled to have defendant pay all medical compensation incurred as a result of his 12 June 1992 injury by accident. G.S. § 97-2(19); G.S. § 97-25.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following
AWARD
1. Defendant shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $365.57 per week for the period from 12 June 1992 to 2 February 1994. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
2. Defendant shall pay plaintiff, on account of his permanent partial disability to his right little finger, compensation at the rate of $365.57 per week for 5.2 weeks, beginning 17 August 1992. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
3. Defendant shall pay plaintiff, on account of his permanent partial disability to his back, compensation at the rate of $465.57 per week for 45 weeks, beginning 2 February 1994. As said compensation has accrued, it shall be paid in a lump sum, subject to a reasonable attorney fee hereinafter approved.
4. A reasonable attorney fee in the amount of 25 percent of the compensation benefits due under paragraphs #1, #2, and #3 of this Award is hereby approved for plaintiff's counsel, Mr. Derrick Bailey.
5. Defendant shall pay all medical compensation incurred as a result of plaintiff's 12 June 1992 injury by accident.
6. Defendant shall pay all costs, including expert witness fees in the amount of $200.00 to Dr. Stephen R. Seal and $240.00 to Dr. James H. Lipsey, and remain obligated for the previously authorized expert witness fee in the amount of $300.00 to Dr. David L. Jarrett.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
CMV/cnp/mj 9/15/95